# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| SEAN C. WHITSON, | ) | CASE NO. 1:14cv2718 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| KIMBERLY CLIPPER, | ) | |
| | ) | |
| RESPONDENT. | ) | |

*Pro se* petitioner Sean C. Whitson ("Whitson" or "petitioner") filed the above-captioned petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1 (Petition for Writ of Habeas Corpus ["Petition"]).) For the reasons that follow, the petition is denied.

## I. BACKGROUND

Whitson is currently incarcerated in the Lorain Correctional Institution. According to the petition, Whitson pleaded guilty on September 7, 2011, in three separate criminal actions, to two counts of aggravated robbery, one count of felonious assault, two counts of trafficking offenses with a juvenile specification, and a forfeiture specification, and one count of drug possession with a forfeiture specification. (Petition at 1.[1])

Petitioner did not file a timely appeal of his convictions. Instead, he waited

---

[1] All references to page numbers are to the page identification number generated by the Court's electronic filing system.

almost three years, and then filed a motion for delayed appeal under Ohio App. R. 5 with the Ohio Eighth District Court of Appeals on June 10, 2014.[2] In an affidavit attached to his motion, Whitson avers that the trial court did not inform him that he could appeal his convictions, and that he did not discover he had a right to appeal until the last week of November, 2013. According to his affidavit, if Whitson were permitted to file a delayed appeal, he would assert that his guilty plea was not voluntarily, intelligently and knowingly entered because the trial court did not comply with Ohio Crim. R. 11(C)(2)(c), and that if the court had informed him that he could call witnesses to speak on his behalf, he would not have pled guilty on the manslaughter charge but elected a jury trial, instead. The Ohio Eighth District Court of Appeals denied the Motion without comment on June 27, 2014.

Whitson appealed the denial of his motion for a delayed appeal to the Supreme Court of Ohio. In a "Memorandum In Support of Jurisdiction," Whitson asserts three "Propositions of Law:"[3] (1) the trial court failed to inform him that he could appeal his criminal conviction; (2) the trial court failed to perform an allied offenses analysis for the convictions of aggravated robbery, felonious assault, and voluntary manslaughter in violation of the Fifth Amendment; and (3) the trial court failed to comply with Ohio Revised Code § 2929.14(C)(4)

---

[2] Whitson's motion, filed in Ohio Eighth District Court of Appeals, Case No. 14-101504, is available on the public docket for that case.

[3] Whitson's memorandum, filed with the Supreme Court of Ohio, Case No. 14-1358, is available on the public docket for that case.

when it sentenced him to consecutive terms of imprisonment. The Supreme Court declined jurisdiction on November 5, 2014.

In the instant action, petitioner asserts three grounds for habeas relief which mirror his appeal to the Supreme Court of Ohio: (1) he was denied his right to direct appeal; (2) the trial court failed to perform an allied offenses analysis for the conviction of aggravated robbery, felonious assault, and voluntary manslaughter subjecting him to double jeopardy under the Fifth Amendment of the United States Constitution; and (3) the trial court failed to comply with Ohio Revised Code § 2929.14(C)(4) when it sentenced him to consecutive terms of imprisonment. (*Id*. at 2-3.) He asks this Court to order the State of Ohio to allow him to file a delayed direct appeal, and if the state refuses to do so, to order his immediate release. (*Id*. at 5.)

## II. DISCUSSION

**A. Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date. *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999) (citing *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997)). Under § 2254, a federal court may not grant habeas relief on any claim that was adjudicated on the merits in state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

As a general rule, a federal court will not review a petition for a writ of habeas corpus unless the petitioner has exhausted available state remedies. *See* 28 U.S.C. § 2254(b) and (c). In order to satisfy the exhaustion requirement, the state prisoner must present his claims for review on the merits to the relevant state supreme court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999).

In addition, the procedural default doctrine bars review of federal claims. "A federal habeas petitioner can procedurally default a claim by 'failing to obtain consideration of a claim by a state court, either due to the petitioner's failure to raise that claim before the state courts while state-court remedies are still available or due to a state procedural rule that prevents the state courts from reaching the merits of the petitioner's claim.'" *Lundgren v Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006) (quoting *Seymour v. Walker*, 224 F.3d 542, 549-50 (6th Cir. 2000) (citing *Wainwright v. Sykes*, 433 U.S. 72, 84-87, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977))). In the case where a state procedural rule prevents the state courts from reaching the merits of the petitioner's claim, a procedural default occurs if: (1) the petitioner failed to comply with the rule; (2) the state courts actually enforced the procedural rule against the petitioner; and (3) the rule is an "adequate and independent" state ground for foreclosing review of a federal constitutional claim. *Id*. (citing *Willis v Smith*, 351 F.3d 741, 744 (6th Cir. 2003)); *see also Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

**B. Analysis**

In this case, petitioner's claims for habeas relief were never reviewed on the merits by the Ohio state courts because plaintiff did not comply with Ohio's appellate procedural rules. First, petitioner failed to comply with Ohio's rules for filing a timely direct

4

appeal of his convictions or sentence. Then petitioner waited three years before filing a motion for leave to file a delayed appeal under Ohio App. R. 5(A), claiming that the trial court failed to inform him of his right to appeal and he did not learn of this right until November 2013 from another inmate. But both the Ohio Eighth District Court of Appeals and the Supreme Court of Ohio denied petitioner's motion for a delayed appeal without comment. Even a state procedural rule that accords state courts broad discretion—such as whether to permit a delayed appeal—can serve as an adequate basis for procedural default, and denial of a motion for leave to appeal under Ohio App. R. 5(A) has been deemed to be an adequate and independent state procedural ground for foreclosing federal habeas review. *Stone v. Moore*, 644 F.3d 342, 346-49 (6th Cir. 2011) (habeas petition procedurally defaulted when petitioner's motion for delayed appeal, filed after six years and claiming that neither counsel nor the court advised him of his right to appeal, was denied).

In this case, petitioner failed to comply with Ohio's procedural rules for presenting his constitutional claims to the state courts for review on the merits, and the Ohio courts enforced their appellate procedural rules. The denial of a motion for leave to file a delayed appeal under Ohio App. R. 5(A) is an adequate and independent state ground for precluding federal habeas review. *Stone*, 644 F.3d at 348. Thus, petitioner's failure to promptly seek a delayed appeal motion constitutes a procedural default of his grounds for federal habeas relief. *Id.* ("Petitioner waited six years before moving for delayed appeal pursuant to Rule 5(A). Both the Ohio Court of Appeals and the Ohio Supreme Court denied Petitioner's motion as untimely. Notwithstanding Petitioner's delay, the Ohio courts had discretion under Rule 5(A) to permit Petitioner's delayed appeal. [Ohio's discretionary procedural rule to allow a delayed

appeal] can serve as an adequate and independent state ground for denying a petitioner's claim. Petitioner's failure to promptly file his Rule 5(A) motion constituted procedural default."); *Lundgren*, 440 F.3d at 763.

A claim that is procedurally defaulted in state court will not be reviewed by a federal habeas court unless a petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750-51, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991). "'Cause' is a legitimate excuse for the default, and 'prejudice' is actual harm resulting from the alleged constitutional violation. If petitioner fails to establish cause for his procedural default, the reviewing court need not address the prejudice issue." *Geneva v. Lazaroff*, 77 F. App'x 845, 850 (6th Cir. 2003) (citations omitted).

Petitioner contends that he was not informed he could file an appeal, and did not learn that he could do so until November 2013. But petitioner's unsupported contention that he was not told of his right to appeal by the state trial court, and only recently learned of that right, is not sufficient to demonstrate cause for waiting approximately three years to seek a delayed appeal. *See Stone*, 644 F.3d at 348 (petitioner's unsupported claim that the trial judge did not inform him that he could appeal did not demonstrate cause for waiting over six year to seek delayed appeal (citing district court opinion)). Even if petitioner's claim that he was not told of his right to appeal were sufficient cause, petitioner then delayed another seven months after November 2013 before moving for a delayed appeal under Ohio App. R. 5(A). Petitioner claims that this delay occurred because the trial court sent him a copy of the judgment of conviction,

not the entire court record. But that would not have prevented petitioner from filing the motion for delayed appeal. The Court concludes that petitioner has not demonstrated cause for his procedural default and, therefore, the Court need not consider whether petitioner has demonstrated actual prejudice from the alleged constitutional violation.

Because the cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice, the United States Supreme Court has recognized a narrow exception to the cause requirement where a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. *Dretke v. Haley*, 541 U.S. 386, 393, 124 S. Ct. 1847, 158 L. Ed. 2d 659 (2004) (citing *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)). Petitioner does not claim he is innocent of the underlying convictions. There is no suggestion that a fundamental miscarriage of justice occurred as a result of petitioner's procedural default.

### III. CONCLUSION

For the foregoing reasons, this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §1915(a)(3), 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

In accordance with Rule 4, the Clerk is directed to provide the petitioner with a copy of this memorandum opinion.

**IT IS SO ORDERED**.

Dated: June 25, 2015

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**